```
                  THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

LONDA & LONDA, ESQS.
277 North Broad Street
Elizabeth, New Jersey 07208
908-353-5600
Attorneys for Defendant Officer Dorilus
_____ :
Michelle Williams
801 North Broad Street          :  CIVIL ACTION
Elizabeth, NJ
                                :  NO. 08-5113(DRD)
          Plaintiff,
                                :  ANSWER TO AMENDED
vs.                                    AMENDED COMPLAINT
                                :
Elizabeth City
One Police Plaza                :
Elizabeth, NJ 07201

          and

Police Officer: Rivera, and:
Police Officer: Dorilus,        :
Individually and in their
capacity as Elizabeth City      :
Police Officers
                                :
          Defendants.
                                :
_____
```

Defendant Officer Rodney Dorilus, improperly impleaded as Officer Dorilus, with offices located at One Police Plaza, Elizabeth, New Jersey, by way of answer to plaintiff's amended complaint says:

## AS TO INTRODUCTION

1. This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set

forth in paragraph 1 of the Introduction portion of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

## AS TO JURISDICTION AND VENUE

2.  This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 2 of the Jurisdiction and Venue portion of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

3.  This defendant denies the allegations set forth in paragraph 3 of the Jurisdiction and Venue portion of the amended complaint.

## AS TO PARTIES

4.  This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 4 of the Parties portion of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

5.  This defendant admits the allegations set forth in paragraphs 5, 6, 7 and 8 of the Parties portion of the amended complaint.

6.  This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraphs 9 and 10 of the Parties portion of the amended

complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

<u>AS TO FACTUAL ALLEGATIONS</u>

7. This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 11 of the Factual Allegations portion of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

8. This defendant admits that he was called to the location of the plaintiff, but has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Factual Allegations portion of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

9. This defendant denies the allegations set forth in paragraphs 13 and 14 of the Factual Allegations portion of the amended complaint.

10. This defendant admits that plaintiff was arrested and detained, but denies the remaining allegations set forth in paragraph 15 of the Factual Allegations portion of the amended complaint.

11. This defendant denies the allegations set forth in paragraphs 16 and 17 of the Factual Allegations portion of the amended complaint.

12. This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 18 of the Factual Allegations portion of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

13. This defendant denies the allegations set forth in paragraph 19 of the Factual Allegations portion of the amended complaint.

14. This defendant admits the allegations set forth in paragraph 20 of the Factual Allegations portion of the amended complaint.

15. This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraphs 21, 22 and 23 of the Factual Allegations portion of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

16. This defendant denies the allegations set forth in paragraphs 24, 25, 26 and 27 of the Factual Allegations portion of the amended complaint.

<u>AS TO COUNT I</u>

<u>MONELL CLAIM/UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE COGNIZABLE UNDER 42 U.S.C. § 1983</u>

17. This defendant repeats his answers to the Introduction, Jurisdiction and Venue, Parties, and Factual Allegations portions

of the amended complaint and incorporates them herein by reference as if they were fully set forth herein at length.

18. This defendant denies the allegations set forth in paragraphs 29, 30, 31, and 32 of Count I of the amended complaint.

AS TO COUNT II

EXCESSIVE USE OF FORCE UNDER 42 U.S.C. § 1983

19. This defendant repeats his answers to the Introduction, Jurisdiction and Venue, Parties, Factual Allegations, and Count I portions of the amended complaint and incorporates them herein by reference as if they were fully set forth herein at length.

20. This defendant denies the allegations set forth in paragraphs 34, 35, 36, 37, and 38 of Count II of the amended complaint.

AS TO COUNT III

INVASION OF PRIVACY COGNIZABLE UNDER 42 U.S.C. §1983

21. This defendant repeats his answers to the Introduction, Jurisdiction and Venue, Parties, Factual Allegations, and Counts I and II portions of the amended complaint and incorporates them herein by reference as if they were fully set forth herein at length.

22. This defendant admits that the plaintiff was arrested but denies the remaining allegations set forth in paragraph 40 of Count III of the amended complaint.

23. This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 41 of Count III of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

24. This defendant denies the allegations set forth in paragraphs 42 and 43 of Count III of the amended complaint.

AS TO COUNT IV

FAILURE TO PROVIDE MEDICAL SERVICES
COGNIZABLE UNDER 42 U.S.C. §1983

25. This defendant repeats his answers to the Introduction, Jurisdiction and Venue, Parties, Factual Allegations, and Counts I, II and III portions of the amended complaint and incorporates them herein by reference as if they were fully set forth herein at length.

26. This defendant denies the allegations set forth in paragraphs 45 and 46 of Count IV of the amended complaint.

AS TO COUNT V

COMMON LAW MALICIOUS PROSECUTION

27. This defendant repeats his answers to the Introduction, Jurisdiction and Venue, Parties, Factual Allegations, and Counts I, II, III and IV portions of the amended complaint and incorporates them herein by reference as if they were fully set forth herein at length.

28. This defendant denies the allegations set forth in paragraph 48 of Count V of the amended complaint.

29. This defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 49 of Count V of the amended complaint neither admits nor denies same and leaves plaintiff to her proofs with regard thereto.

30. This defendant denies the allegations set forth in paragraphs 50, 51, 52, 53, 54 and 55 of Count V of the amended complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:3-1.

### SECOND SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:3-2.

### THIRD SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:3-3.

### FOURTH SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:3-5.

### FIFTH SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:3-8.

### SIXTH SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:5-4.

### SEVENTH SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:5-5.

### EIGHTH SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:9-2 and claims whatever benefits are available to said defendant thereunder.

### NINTH SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:9-4 and claims whatever benefits are available to said defendant thereunder.

### TENTH SEPARATE DEFENSE

This defendant claims immunity from and by virtue of the provisions of N.J.S.A. 59:9-6 and claims whatever benefits are available to said defendant thereunder.

### ELEVENTH SEPARATE DEFENSE

This defendant denies negligence.

### TWELFTH SEPARATE DEFENSE

This defendant claims the benefits and privileges of the Comparative Negligence Law, and contends that if he were negligent, then that negligence was less than the negligence of plaintiff.

### THIRTEENTH SEPARATE DEFENSE

This defendant claims that plaintiff has failed to set forth a claim upon which relief can be granted.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### FIFTEENTH SEPARATE DEFENSE

This defendant relies upon the Doctrine of Qualified Immunity.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's injuries if any were caused by third parties over whom this defendant had no control.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's amended complaint is baseless and specious, and this defendant is entitled to an award of attorney's fees and costs and such other relief as may be granted in equity and pursuant to N.J.S.A. 2A:15-59.1 and federal statutes and rules.

### EIGHTEENTH SEPARATE DEFENSE

All state law claims of plaintiff are barred because plaintiff failed to file a proper and timely notice of tort claim with defendants.

CROSS-CLAIM

This defendant by way of cross claim seeks contribution and indemnification from all co-defendants other than the City of Elizabeth, the Elizabeth Police Department and any other employees and/or defendants' superiors of the City of Elizabeth who may be named as defendants.

WHEREFORE, defendant Officer Dorilus demands judgment dismissing plaintiff's amended complaint together with costs of suit.

LONDA & LONDA, ESQS.<br>
Attorneys for Defendant<br>
Officer Dorilus<br><br>
By: /s/ Raymond S. Londa<br>
RAYMOND S. LONDA

Dated: May 10, 2010

JURY DEMAND

This defendant demands a trial by jury on all issues so triable.

REQUEST FOR ALLOCATION PURSUANT TO RULE R.4:7-5(c)

If any co-defendant settles prior to verdict, this defendant will seek an allocation by the fact finder of the percentage of negligence against the settling defendant. This defendant will seek this allocation, whether or not this defendant has formally filed a cross-claim against the settling defendant. This defendant will rely upon the direct examination and cross-examination of plaintiff's expert witnesses, and any and all other

witnesses at the time of trial, in support of this allocation and specifically reserves the right to call any and all such witnesses. All parties are being apprised of this request pursuant to R.4:7-5(c) and <u>Young v. Latta</u>, 123 N.J. 584 (1991).

DESIGNATION OF TRIAL COUNSEL

This defendant hereby designates RAYMOND S. LONDA, ESQ. as trial counsel for the above captioned matter.

CERTIFICATION

I certify that the within Answer to Amended complaint, Separate Defenses, Cross-Claim, Jury Demand, Designation of Trial Counsel, and Certification was served and filed within time in accordance with the Rules of Court.

I further certify that the above captioned matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding and no other action or arbitration proceeding is contemplated. No other party should be joined in this action at this time to the best of my knowledge, information and belief. This certification is submitted pursuant to the provisions of R. 4:5-1.

DEMAND FOR DISCOVERY

This defendant hereby demands that plaintiff provide him with all Rule 26 discovery disclosures.

```
                                   LONDA & LONDA, ESQS.
                                   Attorneys for Defendant
                                   Officer Dorilus

                                   By: /s/ Raymond S. Londa
Dated:  May 10, 2010                  RAYMOND S. LONDA
```