LaCorte, Bundy, Varady & Kinsella
989 Bonnel Court
Union, New Jersey 07083
(908) 810-0500
Attorneys for Defendant, City of Elizabeth

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHELLE WILLIAMS,

        Plaintiff,

vs.

CITY OF ELIZABETH,
POLICE OFFICER RIVERA,
POLICE OFFICER DORILUS,

        Defendants.

Civil Action No.  08-5113 (DRD)

ANSWER TO AMENDED COMPLAINT

       The defendant, City of Elizabeth, by way of answer to plaintiff's amended complaint, says:

## INTRODUCTION

     1.    In that the allegations contained in Paragraph 1 of the complaint do no not make a specific allegation against the City of Elizabeth and this defendant makes no answer to the same other than to deny the allegations if they can in any way be construed against the City of Elizabeth.

## JURISDICTION AND VENUE

     2.    The City of Elizabeth denies it was served with a tort claims notice on August 13, 2008.

     3.    This defendant denies the allegations contained in paragraph 3 of plaintiff's amended complaint.

## PARTIES

4. This defendant admits the allegations contained in Paragraph 4 of plaintiff's amended complaint.

5. This defendant admits the allegations contained in Paragraph 5 of plaintiff's amended complaint.

6. This defendant denies the allegations contained in Paragraph 6 of plaintiff's amended complaint.

7. This defendant denies the allegations contained in Paragraph 7 plaintiff's amended complaint.

8. This defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of plaintiff's amended complaint and therefore deny the same leaving plaintiff to her proofs.

9. This defendant denies the allegations contained in Paragraph 9 of plaintiff's amended complaint.

10. This defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of plaintiff's amended complaint and therefore deny the same leaving plaintiff to her proofs.

## FACTUAL ALLEGATIONS

11. This defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of plaintiff's amended complaint and therefore deny the same leaving plaintiff to her proofs.

12. This defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of plaintiff's amended complaint and therefore deny the same leaving plaintiff to her proofs.

13. This defendant denies the allegations contained in Paragraph 13 of plaintiff's amended complaint.

14. This defendant denies the allegations contained in Paragraph 14 of plaintiff's amended complaint.

15. This defendant denies the allegations contained in Paragraph 15 of plaintiff's amended complaint.

16. This defendant denies the allegations contained in Paragraph 16 of plaintiff's amended complaint.

17. This defendant denies the allegations contained in Paragraph 17 of plaintiff's amended complaint.

18. This defendant denies the allegations contained in Paragraph 18 of plaintiff's amended complaint.

19. This defendant denies the allegations contained in Paragraph 19 of plaintiff's amended complaint.

20. This defendant admits the allegations contained in Paragraph 20 of plaintiff's amended complaint.

21. This defendant admits the allegations contained in Paragraph 21 of plaintiff's amended complaint.

22. This defendant denies the allegations contained in Paragraph 22 of plaintiff's amended complaint.

23. This defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of plaintiff's amended complaint and therefore deny the same leaving plaintiff to her proofs.

24. This defendant denies the allegations contained in Paragraph 24 of plaintiff's amended complaint.

25. This defendant denies the allegations contained in Paragraph 25 of plaintiff's amended complaint.

26. This defendant denies the allegations contained in Paragraph 26 of plaintiff's amended complaint.

27. This defendant denies the allegations contained in Paragraph 27 of plaintiff's amended complaint.

## COUNT I - 42 U.S.C. § 1983
## MONELL CLAIM/UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE
## MICHELLE WILLIAMS V. DEFENDANT ELIZABETH CITY

28. The defendant, City of Elizabeth, repeats each and every answer to the allegations contained in the proceeding paragraphs of plaintiff's amended complaint.

29. This defendant denies the allegations contained in Paragraph 29 of plaintiff's amended complaint.

30. This defendant denies the allegations contained in Paragraph 30 of plaintiff's amended complaint.

31. This defendant denies the allegations contained in Paragraph 31 of plaintiff's amended complaint.

32. This defendant denies the allegations contained in Paragraph 32 of plaintiff's amended complaint.

WHEREFORE, the defendant, City of Elizabeth, demand judgment dismissing plaintiff's complaint together with attorney's fees and costs of suit.

## COUNT II - 42 U.S.C. § 1983
## EXCESSIVE USE OF FORCE
## MICHELLE WILLIAMS V. POLICE OFFICERS RIVERA AND DORILUS

33. The defendant, City of Elizabeth, repeats each and every answer to the allegations contained in the proceeding paragraphs of plaintiff's amended complaint.

34. This defendant denies the allegations contained in Paragraph 34 of plaintiff's amended complaint.

35. This defendant denies the allegations contained in Paragraph 35 of plaintiff's amended complaint.

36. This defendant denies the allegations contained in Paragraph 36 of plaintiff's amended complaint.

37. This defendant denies the allegations contained in Paragraph 37 of plaintiff's amended complaint.

38. This defendant denies the allegations contained in Paragraph 38 of plaintiff's amended complaint.

WHEREFORE, the defendant, City of Elizabeth, demand judgment dismissing plaintiff's complaint together with attorney's fees and costs of suit.

## COUNT III
## ASSAULT AND BATTERY
## MICHELLE WILLIAMS V. POLICE OFFICERS RIVERA AND DORILUS

39. The defendant, City of Elizabeth, repeats each and every answer to the allegations contained in the proceeding paragraphs of plaintiff's amended complaint.

40. This defendant denies the allegations contained in Paragraph 40 of plaintiff's amended complaint.

41. The defendant, City of Elizabeth, denies that the plaintiff was observed unclothed or had her private parts observed by others.

42. This defendant denies the allegations contained in Paragraph 42 of plaintiff's amended complaint.

43. This defendant denies the allegations contained in Paragraph 43 of plaintiff's amended complaint.

WHEREFORE, the defendant, City of Elizabeth, demand judgment dismissing plaintiff's amended complaint together with attorney's fees and costs of suit.

## COUNT IV
## MALICIOUS PROSECUTION
## MICHELLE WILLIAMS V. POLICE OFFICERS RIVERA AND DORILUS

44. The defendant, City of Elizabeth, repeats each and every answer to the allegations contained in the proceeding paragraphs of plaintiff's amended complaint.

45. This defendant denies the allegations contained in Paragraph 45 of plaintiff's amended complaint.

46. This defendant denies the allegations contained in Paragraph 46 of plaintiff's amended complaint.

WHEREFORE, the defendant, City of Elizabeth, demand judgment dismissing plaintiff's amended complaint together with attorney's fees and costs of suit.

## COUNT V
### COMMON LAW MALICIOUS PROSECUTION

47. The defendant, City of Elizabeth, repeats each and every answer to the allegations contained in the proceeding paragraphs of plaintiff's amended complaint.

48. This defendant denies the allegations contained in Paragraph 48 of plaintiff's amended complaint.

49. This defendant denies the allegations contained in Paragraph 49 of plaintiff's amended complaint.

50. This defendant denies the allegations contained in Paragraph 50 of plaintiff's amended complaint.

51. This defendant denies the allegations contained in Paragraph 51 of plaintiff's amended complaint.

52. This defendant denies the allegations contained in Paragraph 52 of plaintiff's amended complaint.

53. This defendant denies the allegations contained in Paragraph 53 of plaintiff's amended complaint.

54. This defendant denies the allegations contained in Paragraph 54 of plaintiff's amended complaint.

55. This defendant denies the allegations contained in Paragraph 55 of plaintiff's amended complaint.

WHEREFORE, the defendant, City of Elizabeth, demand judgment dismissing plaintiff's amended complaint together with attorney's fees and costs of suit.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The affirmative pleading herein fails to state a claim upon which relief can be granted, and these defendants reserve the right to move at or before the time of trial to dismiss same.

### SECOND SEPARATE DEFENSE

The plaintiff has failed to issue process within the time required by law, and these defendants are entitled to a dismissal of the action.

### THIRD SEPARATE DEFENSE

The damages of the plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

### FOURTH SEPARATE DEFENSE

The damages of the plaintiff, if any, are as limited by the provisions of the New Jersey Automobile Reparation Reform Act.

### FIFTH SEPARATE DEFENSE

The occurrence complained of was neither intended, foreseeable, nor preventable by the exercise of reasonable care.

### SIXTH SEPARATE DEFENSE

These defendants deny that they were guilty of any negligence, which was the proximate or producing cause of any injuries or damages alleged to have been sustained by the plaintiff.

### SEVENTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by the plaintiff were caused solely by the negligence of persons not under the control of this defendant.

### EIGHTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by the plaintiff were caused solely by the negligence of persons presently unknown to these defendants.

### NINTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by the plaintiff were caused by the negligence of the plaintiff.

### TENTH SEPARATE DEFENSE

The claims of the plaintiff are specifically barred because of the plaintiff's failure to comply with the Statute of Limitations.

### ELEVENTH SEPARATE DEFENSE

These defendants deny any breach of duty to the plaintiff.

### TWELFTH SEPARATE DEFENSE

The plaintiff failed to comply with N.J.S.A. 59:1-1, et seq., including, but not limited to, failure to provide proper notice, and these defendants contend that any recovery is barred by virtue of the immunity provisions of N.J.S.A. 59:1-1, et seq.

### THIRTEENTH SEPARATE DEFENSE

Inasmuch as the plaintiff did not suffer any injury entitling the plaintiff to damages for pain and suffering nor did the plaintiff suffer any permanent loss of bodily function, disfigurement or dismemberment, nor did the plaintiff incur medical treatment expense in excess of $3,500.00 by reason of either or a combination of the foregoing, these defendants are immune from liability pursuant to N.J.S.A. 59:9-2.

### FOURTEENTH SEPARATE DEFENSE

The plaintiff failed to comply with the conditions precedent for making claims against these defendants by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-6, 59:8-7 and 59:8-8 and are barred from now making claim.

### FIFTEENTH SEPARATE DEFENSE

These defendants are immune from liability in this action on the basis of strict liability implied, warranty or products liability by virtue of N.J.S.A. 59:9-2.

### SIXTEENTH SEPARATE DEFENSE

Any recoveries to which the plaintiff might be entitled against these defendants are subject to the limitations on damages provided by N.J.S.A. 59:9-2 and any award must be reduced in accordance with the same statute.

### SEVENTEENTH SEPARATE DEFENSE

The defendants' liability, if any, must be reduced by the amount of any payment received by the plaintiff by way of settlement or judgment from any other tortfeasor by virtue of N.J.S.A. 59:9-3.

### EIGHTEENTH SEPARATE DEFENSE

These defendants are immune from liability in this action by virtue of a judgment of settlement against a public entity in a claim arising from the same subject matter by virtue of N.J.S.A. 59:9-6(a).

### NINETEENTH SEPARATE DEFENSE

Any action or inaction on the part of these defendants is the result of the exercise of judgment, discretion, or legislative function vested in these defendants within the meaning of N.J.S.A. 59:3-2 for which no liability may be imposed.

### TWENTIETH SEPARATE DEFENSE

These defendants are immune from liability in this action by reason of adopting or failure to adopt a law or failure to enforce any law by virtue of N.J.S.A. 59:2-4 and/or N.J.S.A. 59:3-5.

### TWENTY-FIRST SEPARATE DEFENSE

These defendants are immune from liability in this action by reason of any failure to make an inspection or by reason of making an inadequate or negligent inspection of any property by virtue of N.J.S.A. 59:2-6 and/or N.J.S.A. 59:3-7.

### TWENTY-SECOND SEPARATE DEFENSE

These defendants are immune from liability in this action by virtue of N.J.S.A. 59:3-3 as any actions of these defendant were in good faith in the execution or enforcement of law.

### TWENTY-THIRD SEPARATE DEFENSE

The conditions described in the pleading were not dangerous, were not the proximate cause of injuries alleged by the plaintiff, nor did the conditions create a

reasonable foreseeable risk of the kind of injury which was incurred and these defendants are, therefore, immune from liability by virtue of N.J.S.A. 59:4-2.

### TWENTY-FOURTH SEPARATE DEFENSE

These defendants had neither actual or constructive notice of the conditions described by the plaintiff within a sufficient time prior to the alleged accident so as to have taken measures to protect against the same and is immune from liability by virtue of N.J.S.A. 59:4-2 and N.J.S.A. 59:4-3.

### TWENTY-FIFTH SEPARATE DEFENSE

The action taken to protect against the condition alleged by the plaintiff or the failure to take such action was not palpably unreasonable and these defendants are immune from liability by virtue of N.J.S.A. 59:4-2.

### TWENTY-SIXTH SEPARATE DEFENSE

These defendants are immune from liability in this action by reason of any failure to provide ordinary traffic signals, signs, markings, or other similar devices by virtue of N.J.S.A. 59:4-5.

### TWENTY-SEVENTH SEPARATE DEFENSE

These defendants are immune from liability in this action by reason of any approved plan or design or public property either in its original construction or any improvement thereto by virtue of N.J.S.A. 59:4-6.

### TWENTY-EIGHTH SEPARATE DEFENSE

These defendants are immune from liability in this action for injuries caused solely by the effect of weather conditions on the use of streets and highways by virtue of N.J.S.A. 59:4-7.

### TWENTY-NINTH SEPARATE DEFENSE

These defendants deny that the accident was proximately caused by a dangerous condition of public property.

### THIRTIETH SEPARATE DEFENSE

These defendants deny having had notice, either actual or constructive, of a dangerous condition of public property prior to the accident.

### THIRTY-FIRST SEPARATE DEFENSE

These defendants deny that the accident occurred on public property owned or controlled by it.

### THIRTY-SECOND SEPARATE DEFENSE

These defendants had absolute and/or Qualified Immunity as to the conduct alleged.

### JURY DEMAND

Defendant, City of Elizabeth, demand a jury trial on all issues.

### DEMAND FOR DAMAGES CLAIMED

Defendant, City of Elizabeth, demand a written statement of the amount of damages claimed by the plaintiff within five (5) days of service of this Answer in accordance with R. 4:5-2.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, the firm of La Corte, Bundy, Varady & Kinsella, counsel for defendants, City of Elizabeth and the Elizabeth Police Department, hereby designate Robert F. Varady, Esq. as trial counsel for the within matter.

LACORTE, BUNDY, VARADY & KINSELLA
Attorneys for Defendant, City of Elizabeth

By:   s/Robert F. Varady
         Robert F. Varady, Esq.

Date:   May 11, 2010

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MICHELLE WILLIAMS

**(b)** County of Residence of First Listed Plaintiff: **UNION**

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

FINCOURT B. SHELTON, ESQ.
504 MAIN STREET, SUITE 100
DARBY, PA 19023

## DEFENDANTS
CITY OF ELIZABETH

County of Residence of First Listed Defendant: **UNION**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

ROBERT F. VARADY, ESQ.
LaCorte, Bundy, Varady & Kinsella

## II. BASIS OF JURISDICTION
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

---

DATE: 05-11-10

SIGNATURE OF ATTORNEY OF RECORD: s/Robert F. Varady, Esq.

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
                                    Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.