# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Michelle Williams : | |
| 801 North Broad Street : | CIVIL ACTION |
| Elizabeth, NJ : | |
|     Plaintiff : | |
| : | NO.: 2: 08:5113 DRD-MAS |
|   vs. : | |
| : | |
| City of Elizabeth : | Hon. Dickinson R. Debevoise |
| One Police Plaza : | |
| Elizabeth, NJ  07201 : | Hon. Michael A. Shipp |
| : | |
|     and : | |
| : | |
| Police Officers Johanna Rivera and : | |
| Rodney Dorilus, Officially and in their : | |
| Individual capacities as Elizabeth City : | |
| Police Officers : | |
|     Defendants : | |

## BRIEF OF PLAINTIFF MICHELLE WILLIAMS IN OPPOSITION TO BRIEF OF DEFENDANT JOHANNA RIVERA'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (b) (6) [1]

                                                            Fincourt B. Shelton, Esquire
                                                            504 Main Street – Suite 100
                                                            Darby, Pennsylvania 19023
                                                            Ph: (610) 532-5550
                                                            Fax: (610) 200-4473
                                                            *Attorney for Plaintiff*

---

[1] Defendant, Johanna Rivera, files this motion seeking to dismiss Count V of Williams' Amended Complaint, which alleges a state law claim for malicious prosecution.  (Doc. No. 45, Def's Br. at 5.) Defendant Rivera has not moved to dismiss the entire complaint.

# **PRELIMINARY STATEMENT**

On April 21, 2010, plaintiff filed an amended complaint alleging, *inter alia,* a state law claim for malicious prosecution as set forth in Court V of the amended complaint. On May 10, 2010, counsel for defendant, Johanna Rivera, filed a motion to dismiss Count V of plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to comply with the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. §§59: 1-1 *et seq.* In Point I, defendant Rivera assert that the correspondence from plaintiff's counsel addressed to the City Administrator of Elizabeth City, dated August 13, 2008, fails to satisfy the requirements of N.J.S.A. § 59:8-4. In Point II, defendant Rivera assert that Count V of plaintiff's amended complaint should be dismissed due to plaintiff's failure to complete the supplemental claim form adopted by the City of Elizabeth as permitted by N.J.S.A. §59:8-6. [2]

By Letter Memorandum filed May 11, 2010, counsel for defendant, Rodney Dorilus, acknowledged his reliance upon the Statement of Facts and Legal Arguments set forth in the Brief and Certification filed in support of the Rivera motion as support for the motion to dismiss filed on behalf of defendant Officer Dorilus. (Doc. No. 47, Def's Br. at 6.)

---

[2] Point III of defendant Johanna Rivera's Brief in support of her motion to dismiss count V of plaintiff's amended complaint is repetitious of the contentions made in Point I and II of the Brief. Plaintiff will address Point III, notwithstanding.

Plaintiff contends the doctrines of substantial compliance and equitable estoppel are applicable in this case to prevent defendants from asserting any reliance upon the notice requirements of the Tort Claims Act.

## **STATEMENT OF FACTS**

On November 18, 2007, plaintiff, a 25 year old female diagnosed with a bipolar disorder, while under the influence of a prescription medication and alcohol, experienced an onset of dizziness, became disoriented and wandered into the corridor of the apartment building wherein she resided and collapsed. (Am. Compl. ¶ 11)  Plaintiff, while confused and in a state of unconsciousness and/or semi-unconsciousness, was met by defendant police officer Johanna Rivera and police officer Rodney Dorilus within the aforementioned corridor. (Am. Compl. ¶ 12)

Defendant officers Rivera and Dorilus ordered plaintiff to remove herself from the floor and without just cause, provocation, or warning, Officer Rivera began to strike plaintiff repeatedly with her fists and other blunt instrument and/or weapon, landing blows in the face, head, legs and feet of plaintiff while officer Dorilus simultaneously held plaintiff's arms behind her back. Upon information and belief, officer Dorilus also threw punches and struck plaintiff in the face.
(Am. Compl. ¶ 13)

Defendant police officer Dorilus signed a criminal complaint against plaintiff charging her with one indictable offense, assault on a police officer, in violation of N.J.S.A. §2C:12-1B. (Am. Compl. ¶ 20)  Defendant police officer Rivera signed a criminal complaint against plaintiff charging her with a third degree offense, disorderly conduct, in violation of N.J.S.A. § 2C:33-2 and two indictable offenses, assault on a police officer, in violation of N.J.S.A. §2C:12-1B and resisting arrest, in violation of  N.J.S.A. §2C:29-1A. (Am. Compl. ¶ 21)

As a direct and proximate result of the arrest and filing of the aforesaid charges, plaintiff was detained at Police Headquarters for more than 48 hours and was never brought before a Charging Authority prior to her release from custody on November 20, 2007. (Am. Compl. ¶ 22)  On June 4, 2008, all charges were dismissed against plaintiff. On June 4, 2008, all charges were dismissed against plaintiff. (Am. Compl. ¶ 23)

On August 13, 2008, plaintiff, through her counsel, served two letters via certified mail, return receipt requested, upon the public entity giving notice of her intent to file suit and maintain a civil rights action for injuries sustained on or about November 18, 2007 in an unprovoked police action. One of the two letters was addressed to the City Administrator, Elizabeth City, One Police Plaza, Elizabeth, N.J. 07201, while the second letter was

addressed to the Law Department. (See, Exhibit B attached to Def's Br.)  As required in N.J.S.A. § 59:8-8 the letters were received on August 15, 2008, and signed for by T.J. Mulvey, a person ostensibly authorized to accept the mail, well within 90 days of the accrual of the cause of action. (See, Exhibit B attached to Def's Br.)

On October 14, 2008, plaintiff filed her civil action asserting various legal bases for relief. ( See, Doc. 1)  The parties have actively engaged in discovery.  Plaintiff filed a motion to amend her complaint (See, Doc. 19); and defendants opposed the same. (See, Doc. 27)  By Order, dated April 21, 2010, plaintiff's motion to amend the complaint was granted. (See, Doc. 42)

On April 21, 2010, plaintiff filed an amended complaint alleging, *inter alia,* a state law claim for malicious prosecution as set forth in Court V of the amended complaint. (See, Doc. 41)  Plaintiff pleaded in Count V that the averments set forth in all preceding paragraphs, inclusive, are incorporated herein by reference. (Am. Compl. ¶ 47)  Plaintiff pleaded the defendant police officers, Rivera and Dorilus, were responsible for and/or caused the criminal judicial proceeding to be instituted against plaintiff. (Am. Compl. ¶ 48)  The criminal judicial proceeding initiated against plaintiff by defendants terminated in favor of plaintiff. (Am. Compl. ¶ 49) Plaintiff averred the criminal proceedings and the arrest of plaintiff was

instituted and continued by the defendants Rivera and Dorilus without reasonable justification. (Am. Compl. ¶ 50)

Plaintiff further pleaded in Count V of the amended complaint that the criminal proceedings and the arrest of plaintiff was instituted and continued by the defendants Rivera and Dorilus without probable cause for the criminal prosecution. (Am. Compl. ¶ 51)  Plaintiff averred that the defendant officers' purpose in initiating the arrest of plaintiff and the criminal proceedings against her were activated by a malicious motive in prosecuting the criminal complaint against her; such actions were done for purposes other than securing justice. (Am. Compl. ¶ 52)

Plaintiff further averred that as a direct and proximate result of defendant officers' conduct, plaintiff was unlawfully detained and deprived of her liberty.  Plaintiff was caused to suffer mental anguish, mental distress, humiliation and loss of self-esteem, loss of present and future business, damage to her reputation. (Am. Compl. ¶ 53)  As a further result of the wrongful and malicious actions of the defendant officers, plaintiff incurred expenses including, but not limited to, attorneys, expenses and costs.  (Am. Compl. ¶ 54)

Defendant Officers Rivera and Dorilus have filed motions to dismiss Count V of the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for

failure to comply with the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. §§59: 1-1 *et seq.*  (<u>See</u>, Docs 45 and 47)

<strong><u>ARGUMENT CONTRA POINT I</u></strong>

**Plaintiff's August 13, 2008 correspondence gave sufficient notice of the circumstances of the incident to enable the public entity to conduct an investigation into the matter.**

Defendants argue that plaintiff's purported "notice of claim" fails to comply with N.J.S.A. § 59:8-4(c) – (f).  Noting that the central purpose of the notice of claim provision, defendants contend that plaintiff's notice of claim failed to provide the information required for the city to conduct a prompt investigation.  (<u>See</u>, Def's Br. at 11).

Citing the case of <u>Feinberg v. State, D.E.P.</u>, 137 N.J. 126, 134 (1994), defendants contend that under the TCA, "parties suing public entities must comply with strict requirements for notifying and suing those entities." (<u>See</u>, Def's Br. at 12).  Defendants quotes a single sentence extracted from the case without establishing a nexus between the statement and the present case. (<u>See</u>, Def's Br at 12).

<u>Feinberg</u> is factually distinguishable from the present case. The <u>Feinberg</u> case concerned an appeal from the Appellate Division's affirmance of the Law Division's dismissal of plaintiff's complaint against the New

Jersey Water Supply Authority ("the Authority") for failure to file a timely tort claim notice with the Authority as required by the N.J.S.A. §59:8-3.

In <u>Feinberg</u> the Attorney General acknowledged receipt of the notice of claim and responded that the matter has been assigned for investigation. *Id.* at 130. The Defendants in the present case have not asserted that the City acknowledged receipt of the two letters, dated August 13, 2008, from plaintiff's counsel. In <u>Feinberg</u> the Law Division entered a consent order and Feinberg amended her complaint more than two years after her cause of action had accrued. *Id.* at 131. The Authority thereafter asserted that plaintiff neither presented it with a notice of claim within ninety (90) days of the accrual of her cause of action nor applied to the Superior Court for leave to file such a claim within one year of accrual. Id. at 132.

The Law Division dismissed the complaint against the Authority for failure to file timely notice under N.J.S.A. 59:8-3. In affirming, the Appellate Division determined that the Authority is a "local public entity" under N.J.S.A. 59:8-2. The court concluded that under N.J.S.A. 59:8-7 plaintiff could properly serve the notice of claim only by filing with the Authority. Thus, the issue in <u>Feinberg</u> is whether service of a notice of claim on the Attorney General and the Department of Environmental Protection and Energy satisfies the Act's requirement for service on a local

public entity. The Appellate Division held that service did not satisfy that requirement 265 N.J. Super. 218, 626 A.2d 75. The Supreme Court of New Jersey granted Feinberg's petition for certification, reversed and remanded the case to the Law Division.

In reaching its conclusion that plaintiff's notice of claim was sufficient the Supreme Court of New Jersey held, "Nothing in the Act evinces the legislative intent that governmental entities, whether intentionally or unintentionally, should be able to impale a diligent claimant on the Act's technical requirements for notification." The Court cited Murray v. Brown, 259 N.J. Super. 360, 365, 613 A.2d 502 (Law Div. 1991) stating ("A governmental entity should not feel free to ignore the claimant in the hope that within a short time it might be able to use a technical cavil to avoid fair litigation."). The Court pronounced that the *unique facts of this case supports* the conclusion that notification to the commissioner constituted notification to the Authority. Feinberg, 137 N.J. at 135. Emphasis added.

Defendants contend a review of plaintiff's purported "notice of claim" indicates that it fails to satisfy N.J.S.A. 59:8-4. (See. Def's Br. at 9 and 10). The moving defendants have cited Newberry v. Township of Pemberton, 319 N.J. Super. 671(App. Div. 1999) in support of their contention that

plaintiff's notice of claim letter is defective.  Plaintiff contends, however, that <u>Newberry</u> is factually distinguishable from the present case.  In <u>Newberry,</u> the Township, by letter addressed to plaintiff's counsel acknowledged receipt of the notices and advised that the Township had adopted its own tort claim notice form pursuant to N.J.S.A. 59:8-6.  The letter further advised of the Township's position that until its adopted form was completed and returned, it would not consider a claim to have been properly filed.  The appropriate forms were enclosed for the claimants' convenience.  The letter was stamped "received" by plaintiffs' attorney on September 9, just after expiration of the ninety-day period prescribed in N.J.S.A. 59:8-8 for filing the claim notice.

Plaintiffs did not complete and return the Township's adopted form until late December 1997.  The Township declined to accept the December claim notices on the ground that they were filed beyond the ninety-day limit and declined to accept the prior August notices on the ground that only notices given by way of its adopted notice of claim form were acceptable.  Plaintiffs then filed motions pursuant to N.J.S.A. 59:8-9 in January 1998 seeking leave to file a late notice.

Referring to a notice filed with the public entity the court stated, "We think it plain that in order for that notice to have that that effect (of

10

preserving the right to proceed), it must substantially comply with the statutory requirements. *Id.* supra. At 679. The court agreed with the Township that the notice failed to give any reasonable clue as to what act or omission might have made it liable for the unfortunate occurrence.

By citing Newberry v. Township of Pemberton, 319 N.J. Super. 671(App. Div. 1999) defendants attempt to escape the conclusion that substantial rather than strict compliance with the notice requirements of the Act may satisfactorily meet the statutes mandates. Lebron v. Sanchez, 407 N.J. Super. 204, 970 A.2d 399 (2009).

In Lebron the court was asked to review questions regarding the sufficiency of detail required in a notice of claim submitted to a public entity, pursuant to the New Jersey Tort Claims Act. Plaintiff's suit sought damages resulting from injuries incurred more than ten years ago when she was an elementary school student. Plaintiff had served a tort claim notice upon defendant Camden City Board of Education within ninety days of the accident. The Board maintained plaintiff's tort claim notice was defective because the generalized statements in the document failed to sufficiently advise the public entity of the theories of liability now asserted in plaintiff's complaint. *Id,* 407 N.J. Super. at 209. Notwithstanding the notice, the

Board failed to conduct an investigation regarding its liability. *Id.* 407 N.J. Super. at 212.

The courts review determined plaintiff's notice adequately afforded notice of her injury to the Board in compliance with the Act. The court rejected the Law Division's narrow interpretation of the statutory notice requirements set forth in N.J.S.A. 59:8-4. The Act's notice requirement is not intended as "a trap for the unwary." Lowe v. Zarghami, 158 N.J. 606, 629, 731 A.2d 14 (1999) (quoting Murray v. Brown, 259 N.J. Super. 360, 365, 613 A.2d 502 (Law Div. 1991).

Courts have invoked the equitable doctrine of substantial compliance to prevent baring legitimate claims due to technical defects. Newberry v. Township of Pemberton, 319 N.J. Super. 671 at 679(App. Div. 1999). In Newberry, the court stated "at the very least a notice …..must give some indication of the asserted basis of the public entity's liability. That is, of course, the primary information the notice is intended to provide in order to permit the public entity promptly to investigate the claim. *Id.* 319 N.J. Super. At 680.

Plaintiff contends that her counsel's August 13, 2008 correspondence sufficiently gave the public entity (City of Elizabeth) sufficient bases of the City liability. The August 13, 2008 correspondence gave sufficient notice of

the circumstances of the incident to enable the public entity to conduct an investigation into the matter. The aforesaid correspondence provided the public entity with (1) the name of the claimant (Michelle Williams); (2) the name, address and telephone number of the attorney representing the claimant (Fincourt B. Shelton, 504 Main Street, Suite 100, Darby, PA 19023); (3) the date of the incident (November 18, 2007); (4) circumstances of the incident which gave rise to the claim asserted ("intent to file suit and maintain a civil rights action as a result of injuries sustained in an unprovoked police action"); (5) adequate notice of her injury ("Michelle Williams was prosecuted maliciously"); (6) the date the matter was terminated favorably for the plaintiff (June 04, 2008); and (7) a request upon the City Administrator to provide the office of plaintiff's counsel with the name of the person assigned to this matter and the City's internal claim number) (See, Exhibit B attached to Def's Br.)

The doctrine of equitable estoppels has also been held to be a bar to notice of claim defenses under the Tort Claim Act in varying circumstances. Dambro v. Union County Park Comm., 130 N.J. Super 450, 457-58, 327 A.2d 466 (Law Div. 1974); Anske v. Boro of Palisades Park, 139 N.J. Super 342, 350-51, 354 A.2d 87 (App. Div. 1976). In each instance the estoppels arose because the conduct of the governmental entity justify the injured

party's belief that the former was not dissatisfied with the claim information as submitted.  The general principle has been framed in these words: It is well settled that the notice requirements, being in the nature of limitations provisions, are subject to the application of estoppels principles.  Hence, even if there is no substantial compliance with the notice provisions of the Tort Claims Act, a public entity will be stopped from asserting this defense "where the interest of justice, morality and common fairness dictate that course. Anske, supra. 139 N.J. Super at 348.

      Plaintiff further contend the description provided in plaintiff's August 13, 2008 notice of claim letter gave the City sufficient information to enable it promptly to evaluate its liability and potential exposure.  Moreover, the City of Elizabeth was provided with the name of plaintiff's counsel and requested to provide counsel's office with the name of the person assigned to this matter.  The City chose to do not conduct any sort of investigation into the matter and neglected to inform plaintiff's counsel that the notice of claim letter was defective.  The City's receipt of plaintiff's tort claim notice should have prompted, rather than impeded, the commencement of an investigation. Plaintiff submits that if deficiencies in the notice were uncovered, justice and fairness require plaintiff to be advised, not ignored. Murray, supra. 259 N.J. Super at 365.

## ARGUMENT CONTRA POINT II

Count V of plaintiff's amended complaint is not subject to dismissal for plaintiff's failure to complete the City of Elizabeth's supplemental claim form duly adopted as permitted by N.J.S.A.59:8-6. Defendants have cited <u>Johnson v. Does, et al.</u>, 950 F. Supp. 632 (U.S.D.C. 1977), for the proposition that plaintiff's failure to complete the City's supplemental claim form requires dismissal of plaintiff's state law claim. Just like <u>Newberry</u> and <u>Feinberg</u>, the case of <u>Johnson v. Does, et al</u>. is factually distinguishable from the present case.

Plaintiff, Reuben Johnson, contends that on or about August 15, 1994, he was approached at a motel located on Charleston Avenue, in the Borough of Lawnside, Camden County, New Jersey, by police officers from the Borough of Lawnside who allegedly stopped, searched, harassed and injured the Plaintiff while attempting to detain and arrest him illegally.

On November 4, 1994, Plaintiff filed a Notice of Tort Claim with the Clerk of the County of Camden. (Defendants' Brief, Ex.2). *Shortly thereafter, on November 18, 1994, the County of Camden sent counsel for the Plaintiff a detailed tort claims questionnaire, pursuant to N.J.S.A. §59:8-6.[2]* (Defendants' Brief, Ex.3). The questionnaire expressly provided that, "[u]nder the scheme of the New Jersey Tort Claims Act, a governmental

entity is afforded at least six months from the date of the receipt of a *completed* claim form to review and settle meritorious claims. Failure to provide *complete* answers to all questions and/or the withholding of information may result in forfeiture of the claimant's rights." (Defendants' Brief, Ex.6) (emphasis in original).

<u>When Plaintiff failed to complete the questionnaire in a timely fashion, Scibal Associates, the claims administrator for the County of Camden, sent Plaintiff's counsel three subsequent letters reminding Plaintiff's counsel that the tort claim questionnaire had not been returned and that if the information sought in the questionnaire was not provided, Plaintiff's tort claims could be subject to dismissal.</u> (Defendants' Brief, Exs. 7, 8 and 9).

No such evidence of the City providing its supplemental claim form to plaintiff exists in this case. Defendants bald assertion that the burden is on the claimant to comply with the notice of claim form adopted by the City of Elizabeth fails to consider that the provision of the City's supplemental claim form to plaintiff's counsel is a condition precedent to receiving the information requested therein.

Plaintiff's assertion that neither she nor her counsel were supplied with the supplemental questionnaire adopted by the City of Elizabeth is a

proper argument and shifts the burden of persuasion upon the defendants to establish otherwise.  See, Murray v. Brown, 259 N.J. Super. 360 (Law Div. 1991) (noting that the interest of justice and fairness requires that the government entity promptly advise claimant of any deficiencies in the claim and that a failure to cure will result in a rejection of the claim by the public entity and the possible loss of right to maintain a civil action.

## ARGUMENT CONTRA POINT III

For the reasons previously asserted in plaintiff's arguments contra Points I, plaintiff's August 13, 2008 notice of claim letter is not deficient. Secondly, defendants have cited no authority, and plaintiff have not found any, to support defendants contention that plaintiff was required to plead in the amended complaint that the supplemental claim form adopted by the City council on February 8, 2005, was completed and filed pursuant to N.J.S.A. 59:8-6.  Defendants are asking the court to hold plaintiff to a heightened pleading requirement.  Pursuant to Federal Rule of Civil Procedure 8(a) notice pleading is sufficient to give the defendant notice of the claim asserted against defendant.

## CONCLUSION

For the reasons set forth herein, plaintiff, Michelle Williams respectfully request that the court deny the motion to dismiss filed by

17

defendant Officer Johanna Rivera and adopted by defendant Officer Rodney Dorilus.

                                              Respectfully submitted,

                                          /s/   Fincourt B. Shelton, Esq.

Dated:  May 24, 2010.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24TH day of May, 2010, I caused to be served a copy of the

Brief in Opposition to Defendant Johanna Rivera Motion to Dismiss by postage prepaid,

first-class mail, upon the following counsel:

Daniel Antonelli, Esquire
Law Offices of Daniel Antonelli, L.L.C.
2004 Morris Avenue, Suite 5
Union, NJ 07083

Raymond Londa, Esquire
277 North Broad Street
Elizabeth, NJ 07208

Robert F. Varady, Esquire
La Corte, Bundy, Varady & Kinsella
989 Bonnel Court
Union, New Jersey 07083


   /s/   Fincourt B. Shelton, Esq.
Attorney for Plaintiff