# LONDA & LONDA, ESQS.
### 277 North Broad Street
### Elizabeth, New Jersey 07208
--------------
### (908) 353-5600

Raymond S. Londa, Esq.                                     Fax (908) 353-5610
Felice T. Londa, Esq.

June 2, 2010

Clerk, United States District Court
Martin Luther King, Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101
By E-filing Only

    Re:  Michelle Williams vs. Elizabeth City and Police Officer
        Rivera and Police Officer Dorilus
    Civil Action # 08-5113 (DRD)
    Reply on Behalf of Defendant Dorilus to Plaintiff's
      Opposition to Defendants' Motion to Dismiss Count V of the
      Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)

Dear Sir/Madam:

In reply to the opposition filed on behalf of Plaintiff Michelle Williams to the above reference motion, we submit the following on behalf of Defendant Police Officer Rodney Dorilus.

The New Jersey Tort Claims Act is very specific as to the requirement of filing a Notice of Claim. N.J.S.A. 59:8-3 states:

> No action shall be brought against a public entity **or public employee** under this act [] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter. (Emphasis Supplied.)

N.J.S.A. 59:8-4 identifies the mandated contents of the Notice of Claim which must include:

>     A claim **shall be presented** by the claimant or by a
> person acting on his behalf **and shall include:**
>
>     a. The name and post office address of the claimant;
>
>     b. The post-office address to which the person
> presenting the claim desires notices to be sent;
>
>     c. The date, place and other circumstances of the
> occurrence or transaction which gave rise to the claim
> asserted;
>
>     d. A general description of the injury, damage or
> loss incurred so far as it may be known at the time of
> presentation of the claim;
>
>     **e. The name or names of the public entity, employee
> or employees causing the injury, damage or loss, if
> known; and**
>
>     f. The amount claimed as of the date of presentation
> of the claim, including the estimated amount of any
> prospective injury, damage, or loss, insofar as it may
> be known at the time of the presentation of the claim,
> together with the basis of computation of the amount
> claimed.

(Emphasis Supplied.)

The incident occurred on November 18, 2007, and the case was dismissed by the Elizabeth Municipal Court on June 4, 2008 when the officers were not noticed of the hearing and thus did not appear. Plaintiff's attorney sent correspondence to the City of Elizabeth on August 13, 2008, a copy of which was attached as Exhibit B to the Certification of Daniel Antonelli, Esq. filed with the motion papers on behalf of Defendant Police Officer Rivera.

It is undisputed that the correspondence fails to provide most of the required information required to comply with a Notice of Claim, all of which information, including the officers' names would have been easily within the knowledge and information of the plaintiff from the complaints filed against her, and from the police reports.

The Notice of Claim provisions do not only protect the municipality. The law protects the individual public employees.

    Plaintiff failed to provide sufficient notice to alert the individual defendants of the possibility of the filing of a complaint. Therefore, the state law claim for malicious prosecution as set forth in Count V of plaintiff's complaint should be dismissed.

    Thank you for your attention.

                              Respectfully Submitted,

                              LONDA & LONDA, ESQS.
                              Attorneys for Defendant Officer Dorilus

                              By: /s/*Raymond S. Londa*
                                  Raymond S. Londa, Esq.

cc via electronic Filing and by Regular Mail to the
    Honorable Dickenson R. Debevoise, USDJ
cc via electronic filing only to:
    Fincourt B. Shelton, Esq.
    Robert F. Varady, Esq.
    Daniel Antonelli, Esq.
Courtesy Copy to William R. Holzapfel, Esq. by email only